**Gilda A. KLEIN, Plaintiff–Appellant,**

v.

**John E. POTTER et. al., Defendants– Appellees.**

**No. 02–1140.**

United States Court of Appeals, Seventh Circuit.

Submitted and Decided Aug. 20, 2002.*

Before BAUER, KANNE, and EVANS, Circuit Judges.

**ORDER**

Postal worker Gilda Klein participated in a protest during which she carried a sign and made statements criticizing her employer. In response Klein's supervisors temporarily removed her from her position, but after her reinstatement, Klein declined to return to her job and instead filed suit in district court, seeking damages. The district court dismissed, and Klein appeals. We affirm.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

In March 1998 Klein was working as a window clerk at the Auburn Park Station in Chicago. She was a 28–year veteran of the United States Postal Service and at the time served as a Vice President of the National Alliance of Postal and Federal Employees. That month, during a protest outside the Auburn Park Station, Klein carried a sign that read, "Long Lines, Late Delivery, Don't Believe the Hype," and used a bullhorn to criticize the Postal Service and Chicago Postmaster Rufus Porter. Shortly thereafter, the Postal Service placed Klein on administrative leave. In compliance with the collective bargaining agreement between the Postal Service and the American Postal Workers Union ("APWU"), Klein filed a grievance requesting that she be returned to full duty. The Postal Service and the APWU were unable to resolve the dispute, and Klein received a Notice of Removal.

Klein filed a second grievance, and this time the Postal Service and the APWU reached a settlement. The Postal Service expunged the Notice of Removal from Klein's record, returned her to full duty status, and gave her back pay. But the stress of her dispute with the Postal Service had aggravated Klein's preexisting anxiety disorder, and as a result she did not return to work. Instead Klein filed a worker's compensation claim with the United States Department of Labor and was awarded benefits. Klein never returned to her job.

Klein then sued the Postmaster General, the Chicago Postmaster, and two supervisors at the Auburn Park Station, alleging violations of her First Amendment rights and the intentional infliction of emotional distress. The defendants moved to dismiss for lack of subject matter jurisdiction, arguing that Klein's claims were preempted by the Postal Reorganization Act and the Federal Employees Compensation Act. The district court dismissed.

Individuals may sue federal officials for damages based on violations of the Constitution. see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), unless a comprehensive administrative scheme already affords a meaningful remedy, see Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); Bagola v. Kindt, 131 F.3d 632, 640–642 (7th Cir.1997). This is so even if the remedies available under the administrative scheme do not provide complete relief for the plaintiff. Bagola, 131 F.3d at 640–41; Robbins v. Bentsen, 41 F.3d 1195, 1201 (7th Cir.1994). Thus we have held that federal employees covered under the Civil Service Reform Act ("CSRA") may not pursue a Bivens suit based on an adverse personnel decision, Robbins, 41 F.3d at 1202, and Postal Service employees enjoy the substantive and procedural safeguards of the CSRA as modified by the collective bargaining agreement negotiated on their behalf, 39 U.S.C. § 1005(a)(1). A detailed four-step grievance process is available to postal workers who wish to challenge employment actions; Klein took advantage of and obtained relief through this grievance process. The Postal Service's grievance process is exactly the kind of comprehensive administrative scheme that bars a Bivens action. Roman v. United States Postal Serv., 821 F.2d 382, 386 (7th Cir. 1987); Ellis v. United States Postal Serv., 784 F.2d 835, 839–40 (7th Cir.1986).

■ Klein's First Amendment claim therefore was properly dismissed. We note, however, that lack of subject matter jurisdiction was an improper ground for dismissal. Federal courts have jurisdiction over all cases that, like Klein's, arise under the Constitution, 28 U.S.C. § 1331. The issue here is not the district court's

power to hear Klein's First Amendment claim, but rather its authority to grant relief. As we have noted, the Postal Service's comprehensive grievance process precludes relief under *Bivens, see Roman,* 821 F.2d at 386; *Ellis,* 784 F.2d at 839–40, and therefore the appropriate basis for dismissing Klein's constitutional claim was failure to state a claim upon which relief can be granted, not lack of subject matter jurisdiction. *Massey v. Helman,* 196 F.3d 727, 737–38 (7th Cir.1999). On that basis we affirm the dismissal. *Id.*

In addition to her constitutional claim, Klein raised a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* alleging that her supervisors intentionally inflicted emotional distress. But Klein did not exhaust her administrative remedies before filing suit as required by the FTCA, *see* 28 U.S.C. § 2675(a), and the district court therefore lacked jurisdiction over the claim, *see Frey v. EPA,* 270 F.3d 1129, 1135 (7th Cir.2001).

Klein raised a third claim that the district court did not address in its dismissal order: that her supervisors discriminated against her on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* But Klein never presented her allegations to the EEOC and therefore has not exhausted her administrative remedies as required before filing suit. 42 U.S.C. § 2000e–16; *see Gordon v. United Airlines,* 246 F.3d 878, 883 n. 3 (7th Cir.2001).

AFFIRMED.